**BLACK & LOBELLO**  E-FILED JULY 16, 2014
YANXIONG LI, ESQ.
Nevada Bar No. 12807
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada  89135
Telephone:  (702) 869-8801
Facsimile:  (702) 869-2669
mli@blacklobellolaw.com

*[Proposed] Attorneys for Debtor and*
*Debtor-in-Possession, ARA Nevada, LLC*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>**ARA NEVADA, LLC, a Nevada limited liability company,**<br><br>Debtor. | Case No.:    13-19693-led<br>Chapter 11<br><br>HEARING DATE:  AUGUST 19, 2014<br>HEARING TIME:   10:30AM<br>Location: Foley Federal Building<br>300 S. Las Vegas Blvd., Third Floor<br>Las Vegas, Nevada 89101 |

### MOTION FOR VOLUNTARY DISMISSAL

The Debtor and Debtor-in-Possession, ARA NEVADA, LLC ("Debtor"), by and through its attorney of record, Black & LoBello, respectfully moves this Court for an order dismissing this Chapter 11 bankruptcy case without prejudice.  ("Motion").

This Motion is being made pursuant to 11 U.S.C. § 1112(b)(1) and Federal Rules of Bankruptcy Procedure ("FRBP") 1017(f)(2), and is supported by the pleadings and papers on file, the Declaration of Christopher Bentley ("Bentley Declaration") filed concurrently herewith, the following Memorandum of Points and Authorities, and any arguments of counsel this Court may allow at the above-captioned hearing.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O) and may be determined by the Court.

3. Venue for this proceeding is proper in the District of Nevada, pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

1. On November 15, 2013 ("Petition Date"), Debtor filed its voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, District of Nevada as Case No. 13-19693-LED [Bankr. No. 1].

2. Since entry of the April 15, 2014 Order Granting Motion to Compel [Bankr. No. 50], Creditor, Apartment Realty Advisors, Inc. ("ARA National") has notified Debtor of its intent to terminate the July 1, 2010 Licensing Agreement and prohibited Debtor from any further use of the ARA trade-name and related licensing benefits under that agreement. See Bentley Declaration at ¶¶ 4, 5 and Exhibit 1 [Bankr. No. 61]

3. As a consequence and consistent with Debtor's Monthly Operating Reports on file, Debtor is and will continue to sustain financial loss. See Bentley Declaration at ¶¶ 6 and 7 [Bankr. No. 61]; see also [Bankr. Nos. 18, 22, 41, 56, 57, 58].

4. The deadline for Debtor to propose a plan of reorganization for confirmation is September 11, 2014.

5. Debtor is currently without the financial wherewithal to sustain the bankruptcy case and propose timely a plan of reorganization for confirmation. See Bentley Declaration at ¶ 8 [Bankr. No. 61]

///

///

### III. LEGAL ARGUMENT

#### A. STANDARD OF REVIEW

Pursuant to Section 1112 of the Bankruptcy Code, the Court must dismiss a Chapter 11 case on request of a party in interest. Specifically:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall ... dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests, of creditors and the estate.

11 U.S.C. § 1112(b)(1). In other words, upon finding that (1) dismissal is in the best interests of creditors and the estate, and (2) good cause appearing, the Court is required to grant dismissal upon request by interested parties. Id.

For purposes of mandatory dismissal under this Subsection (b), Section 1112(b)(4) provides a non-exclusive list of circumstances constituting "cause":

*(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;*
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a)or an examination ordered under Rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
*(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;*
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

1  11 U.S.C. § 1112(b)(4) (Emphasis added); see also In re Hedquist, 450 F.3d 801, 804 (8th Cir. 2006); Loop Corp. v. U.S. Tr., 379 F.3d 511, 515 (8th Cir. 2004); Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989).

Dismissal is warranted in this case pursuant to Section 1112(b). At the outset, there is no unusual circumstances establishing that dismissing the case is not in the best interests of creditors or the estate. Additionally, it is not reasonable likely that the Debtor will be able to timely prepare, file and confirm a plan of reorganization under its deteriorating financial circumstances. Finally, Debtor suffers and will continue to suffer loss in the foreseeable future given the terminated Licensing Agreement with ARA National. Thus, Debtor's Motion should be granted.

### B. DISMISSAL IS IN THE BEST INTEREST OF ALL PARTIES

The court may not dismiss a case if the court finds and specifically identifies unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2).

Here, no such special circumstances warrant a second take on the present Motion. In fact, allowing Debtor to dismiss the present case is within the best interest of all parties by allowing the parties to pursue non-bankruptcy remedies without having to spend the time and cost associated with determining the applicability, extent and grounds for relief from automatic stay. Consequently, this Court should allow Debtor to dismiss the present case without prejudice.

### C. GOOD CAUSE EXISTS FOR GRANTING DISMISSAL

As indicated above, good cause exists under Section 1112(b)(4) to grant this Motion as (1) Debtor presently suffers substantial loss, which will likely continue, given the termination of the Licensing Agreement with ARA National and (2) inability of Debtor to prepare and file a timely disclosure statement and/or plan of reorganization for confirmation. As evidenced by the Monthly Operating Reports on file, Debtor is not in a position to continue operating the business at a loss, as well as finance the bankruptcy case. Simply put, there is no reasonable likelihood that Debtor can satisfy the requirements for confirmation and successfully reorganize. Therefore, dismissal of the present case is warranted.

### IV. <u>CONCLUSION</u>

Based on the foregoing reasons, Debtor respectfully requests an order granting dismissal without prejudice of Debtor's Chapter 11 bankruptcy case.

DATED this 16th day of July, 2014.

                    **BLACK & LOBELLO**

<u>*/s/Yanxiong Li*</u>
YANXIONG LI, ESQ.
Nevada Bar No. 12807
10777 West Twain Avenue, Suite 300
Las Vegas, Nevada 89135
(702) 869-8801

*[Proposed] Attorneys for Debtor and Debtor-in-Possession, ARA Nevada, LLC*